on behalf of the state of Illinois v. Margaret A. Herrera, on behalf of the F1, Ms. Josette Gellman on behalf of the people of the state of Illinois, Mr. Marshall M. Stevens. Ms. Gellman. Good morning, your honors. Morning, counsel. May it please the court, I am here this morning on behalf of Martin Herrera. Mr. Herrera entered an open guilty plea to two counts of aggravated driving under the influence and was sentenced to a term of 10 years imprisonment. His original plea counsel, who was also present for the sentencing hearing, filed a motion to reconsider sentence in this case and also filed a Rule 604D certificate. By the time of the actual hearing on the motion to reconsider sentence, which was about a year after the motion was filed, Mr. Herrera was represented by a new attorney, Julie Yetter, who also filed a 604D certificate but did not amend Mr. Clement's motion. The defendant appealed from the trial court's ruling on the motion to reconsider sentence. I've raised two issues in the brief, first asking that this case be remanded for new post-plea proceedings or in the alternative, asking for a new sentencing hearing because the trial judge, when he imposed sentence in this case, took into consideration a factor inherent in the offenses. Counsel, on the first issue, you rely on People v. Prather in arguing that Mr. Clement's 604D certificate was insufficient. But isn't Prather distinguishable from the case here because Mr. Clement's affidavit was clear, was it not, that he had consulted with the defendant not only on the defendant's contentions of sentence, but actually I think the words were in the case. And wouldn't that also encompass the guilty plea? He did just give a general statement in his certificate that he had consulted with the defendant regarding his contentions of error in this case. I think the problem with that is that it is general and we don't, in this case, looking at both certificates and looking at the documents in this case, we don't have any kind of assurance or certainty from that statement that in fact Mr. Clement or that Ms. Shetter discussed with Mr. Herrera his contentions of error with respect to the plea. When we talk about the case, I mean, there was just a guilty plea, correct, with regard to the underlying proceedings. There was a guilty plea and a sentencing hearing. So what else could there be that he discussed with him? Well, I would point out, well, first of all, I would point out that the State is conceding that Ms. Shetter's certificate was deficient. Right. I understand that. And if a specific certificate which says I spoke to the defendant about sentencing, if that's deficient, it's hard to imagine how one that's less specific and very general could satisfy strict compliance because, as I said, we don't know in this case, we can't tell from this case, whether anyone actually did discuss with Mr. Herrera his contentions of error with respect to his plea. And this is a case where I think it's really significant because if the court will recall in this case, there had been an earlier plea negotiation reached with actually much more favorable terms with an agreed sentence. And that plea was ultimately rejected because the defendant said he did not want to enter a plea. But he wanted to go to trial. He wanted to go to trial. So with that in this record and the generalized nature of Mr. Clement's certificate, we don't have the assurance that's required by strict compliance that the plea was discussed. I'm sorry. Go ahead. Were there any issues that you identified with respect to the plea itself with the court where there might be some error? Well, I don't think we would know because it was never addressed by either party and it was never addressed at the motion to reconsider sentence. In fact, on review, I mean, you would review the transcript of the proceedings to see whether or not you could bolster your claim by pointing out some deficiency in the plea, correct? Sure, but there could be matters that were outside the record which were not brought to the trial judge's attention. And the reason why the Supreme Court requires and why this court requires strict compliance is because of the very fact that if you do not raise something in a motion, you are forever waiving that motion. So particularly with respect to the plea where there was no motion and we don't know, I mean, certainly Ms. Yetter doesn't say in her certificate that she ever spoke to Mr. Herrera about the plea. Did she ever talk to Mr. Clement about his conversations with Mr. Herrera? I don't think the record reflects whether she did or not. Well, let's assume in arguendo that Mr. Clement, when he discussed the case with your client, discussed all aspects of the case and filed a certificate and then became a judge. And Ms. Yetter talked to him and found out from him what it was that he had conferred about with your client. Would that have then meant that your client's attorney, Yetter, would essentially be in the same position or in the shoes of Mr. Clement and his certificate could be used in lieu of hers? No, I don't believe so. First, we don't know whether she did have any conversations with Mr. Clement. In fact, the record reflects that she, at least with respect to the defendant, that she first spoke with the defendant on the very day that the motion to reconsider sentence was heard in court or in the holding cell prior to the courtroom proceeding. Second, we have to look at whether her certificate strictly complied. Why? Based on what? Based on People v. Ritchie, this Court's decision in People v. Ritchie. In People v. Ritchie, there were a series of attorneys in that case representing the defendant. There was an attorney who represented them at the plea who filed, I believe it was... An affidavit. Filed a motion to vacate... Not a 604D certificate. Right, filed a motion to vacate the plea. The second attorney filed a 604D certificate. A third attorney, a deficient 604D certificate. Third attorney appeared on behalf of the defendant at the motion to vacate the plea. So first, this Court said in Ritchie that the certificate of the second attorney was deficient. But also, the third attorney, who filed no certificate at all, that even assuming compliance by the second attorney, that the purpose of Rule 604D would be frustrated if an attorney who did not actually represent the defendant at the post-plea hearing did not strictly comply with Rule 604D. And I think that goes to two points. First of all, one is just a basic matter of effective representation by post-plea counsel. Because you have an attorney here, Ms. Jetter, who did not represent Mr. Herrera at the time of the plea, did not represent him at the time of sentencing, indicated, didn't indicate, I'm sorry, didn't indicate in her 604D certificate that she had made any amendments necessary to adequately present defects. And in fact, we've identified another defect in the proceeding, which the state agrees is the type of error that could be considered as plain error, addressed as plain error. But now, Richie, though, really is distinguishable from the situation we have here. If we were to assume, as Justice McLaren said, that the certificate that Mr. Clement filed was adequate and compliant, that I think was the hypothetical he gave you, that is very different than Richie, where it was clear there was no, it wasn't even labeled a 604D certificate, it was an affidavit, that was clearly not compliant. So we had no certificate whatsoever in Richie, whereas here we at least, at least in our hypothetical, have an adequate certificate. Well, I guess first I would question the adequacy. Not only, in fact, rereading Mr. Clement's certificate, not only because he was very generalized about what he had discussed, but I did note again, in his certificate, he says he has made any amendments necessary to the pleadings. That also is not the language of Rule 604D. So does that mean he made any amendments necessary to the motion to reconsider sentence, which of course he didn't, but that doesn't necessarily mean he made any amendments necessary to adequately present defects in the proceedings. There's a difference between amending a particular motion and addressing both the plea and the sentence. Well, I guess the issue in part is where do you draw the line, but Justice McLaren in the Wyatt case, I think, made it clear that we don't have to look for exact copying or verbiage that is in 604D, but if the meaning is there and it can't be really interpreted any other way, then it meets the requirements of 604D, and arguably the certificate of Mr. Clement, even though he said pleadings, I mean, again, what else was there except a motion to reconsider? That's the pleading. The pleading is a motion here. So how could that be interpreted any differently? Well, I think it's exactly because we only have a motion to reconsider sentence that we can't be assured that this general statement shows strict compliance because we don't. I think from this record, looking at either certificate, we do not know if either of these attorneys ever spoke with Mr. Herrera about the plea because there was no motion. I mean, I do recall in the Wyatt case there was a statement on the record, or say in this case, if there were a motion to vacate the plea and a motion to reconsider sentence, I think we could then give context to this general statement, the contentions of error in this case and say both have been filed, so obviously he spoke with Mr. Herrera about both the sentence and the plea. And I think that's what Wyatt also demonstrates, that we're not going to take the issue of strict compliance to extremes, to ridiculous extremes. But there still remains a question in this case, particularly under the facts of this case, whether either attorney strictly complied with respect to questioning Mr. Herrera and ascertaining any errors with regard to the plea. Well, we know that Ms. Yetter, we have a transcript that shows that Ms. Yetter actually said to the judge when the case was called that she had personally consulted with your client. Right. And that is part of the record. Right. And discussed any, the issues and had reviewed the transcripts. So why isn't the 604D certificate that she filed, the written certificate, together with the transcript adequate enough to meet the requirements of the rule? Because in her certificate, first of all, I don't think she specifically stated on the record what she had consulted with Mr. Herrera about, but she does specifically say in her certificate that she's consulted with him with respect to his error in the entry of sentence. So her certificate does not indicate any kind of consultation regarding the plea. But you don't believe her conversation or the transcript reflects, would fill in the blanks, so to speak. What if it would? Let me ask you that. What if the transcript reflected that she filled in the blanks? Would that be adequate or does it all have to be in the written certificate? Well, my understanding of the case law is that it is not strict compliance to fill in the gaps through statements other than what are in the certificate. Well, we don't exactly have a case on point that we can follow here, do we? I mean, none of these cases is really the fact situation that we have here. Let me ask you this. Sure. I'm sorry. I'm sorry. Go ahead. What's more reliable? The interaction between the court and the defendant with a certificate that, although it doesn't meet the requirements, he has it bare bones that she consulted the defendant, and then the exchange takes place on the record and her representation. That's more reliable. Under Supreme Court rules, what's necessary is the certificate, and the record doesn't fill in for that. And I think this Court made that point in the dismute case, which, again, is not the same kind of facts. You're not really answering the question because you're qualifying it by saying the record doesn't support the idea that the 604D can be perfected. His question to you was if it could be perfected by the record. So would you couch your answer, assuming for the moment that she spoke for 45 minutes and was going into what Mr. Herrera had had for lunch as well? Well, yeah, that certainly wouldn't fill in the gaps. It wouldn't have anything to do with the certificate, but it might have something to do with his nutrition. Yeah. But I don't believe under the Supreme Court rules and the interpretation of the Supreme Court rules that that's something the court finds acceptable, that you can't fill in the gaps other than through strict compliance in the certificate. I think Dismute made that point. Herrera made that point. We've seen cases where there is a certificate, but then the record doesn't support what's in the certificate, for example, where the defendant will say, no, Judge, that's not what I was told. There's been plenty of cases like that. So it's fine for that to look at the transcript, to undermine the certificate, but not vice versa. That's your argument, correct? That is our position, yes, it is. Is there anything in the rule itself that requires a second certificate when one attorney substitutes for another? Well, the rule does say, the language of the rule does say the defendant's attorney shall file with the court, and by the time of the hearing on this motion, Ms. Yetter was the defendant's attorney. Well, isn't the public defender the defendant's attorney, and they both work for the? I mean, can you interpret that differently? Weren't they both assistant public defenders? Can I answer? I don't think that that would be a reasonable interpretation of the rule for, in light of a situation, say, where a first public defender represents the defendant all the way up to the motion, whatever motion is filed, the second public defender files no certificate at all. I think there's serious concerns about whether that second attorney, who's now the attorney of record, has effectively represented the defendant if there's no indication on the record that that attorney has complied with the dictates of Rule 604D. So I don't think you can read it as expansively as anyone from the public defender's office would satisfy the rule. So, Your Honors, I would ask that this be vacated and remanded for new post-plea proceedings and any alternative that he might have in a new sentencing hearing. Thank you. You'll have an opportunity to make rebuttal. Thank you. Mr. Stevens? Good morning, Your Honors. Good morning. Well, Justice Eno, if you made all my points, I don't really have to answer them. I was just asking questions. We need to hear from you, too. No, no, your points, the summaries of the underlying information made my points. The first point is, was Mr. Clement's certificate of compliance sufficient? Obviously, we think it is, because if you read the whole thing together, it refers to the case. It talks about contentions of error. I think I pointed out in my argument that this Court has used the shorthand phrase, contentions of error, once it's clear that we're talking about contentions of error in the relevant proceedings, as you were asking questions about. It's a matter of parsing language. I can't really add too much to it. I can't impose my understanding of the language. What if Mr. Herrera files a post-conviction petition claiming that his trial counsel was ineffective because his trial counsel never discussed with him the issue of the alternative of attempting to move to withdraw his plea, and based upon the record we have, we have a certificate that says that there was some discussion about the case. There was no discussion about a motion to withdraw the plea, and there was nothing that Ms. Yetter said to indicate that she had discussed anything about a plea withdrawal. And Mr. Clement's certificate doesn't really say anything about any motion to withdraw the plea, so what would we be doing or what should we be doing if, based upon this record, he files a post-conviction petition claiming that it never happened? Well, it's a little... We would look at the record and we'd say there is nothing here that affirmatively states that he's wrong. I believe Mr. Clement was the plea attorney, so he would not be right or wrong anyway. Well, that's what my hypothetical was when I said Ms. Yetter was standing in the shoes of Mr. Clement. And if Mr. Clement was, in fact, the attorney or the lead attorney, I think that tends to indicate that there's some sort of communication between he and Ms. Yetter such that the knowledge and expertise that was imputed to him would be conveyed and imputed to her. Right. If the record reflects that there was no communications between them, how can we impute anything to them other than through... To Yetter and Clement? Yes. Well, I think your hypothetical would necessitate that Mr. Clement lied in his written certificate, though, if he said that he considered the contentions of error. No, it had nothing to do with lying. Let's assume, for the purposes of argument, that his statement about discussing the case, unless he discussed the case not only with his client but also with Ms. Yetter's, how is Ms. Yetter supposed to know what's going on such that when her representation is the level of representation that the 604D certificate is supposed to certify? So what you're saying is that maybe the defendant talked about withdrawing the plea and all that was filed was a motion to reconsider, and the record doesn't show that, and Ms. Yetter wouldn't know that. Is that correct? I'm saying Ms. Yetter didn't say she ever discussed it. Well, there's no evidence of it. Yeah. I mean, that's your point, I believe. But, again, that goes back to parsing the language of what Mr. Clement said. Why would he be parsing his language? If he didn't stand up in front of the court and make argument, then what good is his certificate? Because he said that he talked with the defendant to ascertain his contentions of error. That's what he said. If he takes the certificate as a whole, his contentions of error, does that mean in the plea and in the sentence? So you're interpreting the rule to mean any lawyer who at any time represents this client, if any certificate filed by one of two or more attorneys representing Sariadam, this individual, is a competent certificate, then this certificate will work for them all, regardless of whether or not these people ever talked? Assuming that there's no ineffectiveness in the process, yeah, I think that would be accurate. One attorney is simply stepping into the shoes of the next attorney. Well, this wasn't just stepping into the shoes. Mr. Clement obtained the transcripts, reviewed the transcripts, consulted with his client, then filed a motion to reconsider sentencing. And then Ms. Yetter, looking at the work that he did out of the same office, then files a certificate saying that she has reviewed the defendant's contentions regarding sentencing. Doesn't she have an obligation to say to the defendant, I know you've already filed this motion, but just to be sure, let's review the plea itself. Let's talk about the plea. Not under the rule. I mean, there's two questions there, really. Doesn't competent representation require that? The rule is to get out the contentions of error. The rule is to avoid error. Well, by asking the defendant what his contentions of error are. You have to do that very thoroughly and correctly, and the defendant's not going to know what a transcript means, so you have to have the lawyer take a look at it. I think Ms. Yetter has to know the facts necessary once those are identified, but I'll go back to my argument and say that the rule doesn't say that you need a second certificate. Why do you need to have this multiple churning of the record? I mean, 604D is intended. If you follow it, and that's the question, I certainly admit that's the threshold question, but if you say that it's followed, then that's it. Then you've flushed out the contentions of error. Justice Burkett, what you're talking about I think is a little different. That's a matter of being effective in representing what's in whatever motion is filed. And, yeah, but you expect that from an attorney in any motion that they file, that they know what they're talking about. So if we agree with you, the holding in this case will be that the rule does not intend that the attorney who stands up before the court during the hearing needs to be the attorney who files the certificate. That person can file no certificate. Right. So long as there is a valid certificate filed by someone who has passed the bar, who is of record as an attorney representing this defendant at some time post-sentence. And who follows his duty as an attorney to adequately and competently represent a defendant, which involves, as I said, a whole host of things that we don't talk about in every trial, in every motion, every time we stand in front of you. We have a lot of duties that we don't certify that we're doing them, but we sure keep in our mind that we have those duties. Now, opposing counsel strongly argued that Mr. Clement's certificate was inadequate. Do you agree with that? And if not- That Mr. Clement's- Clement's certificate. She says it's inadequate. I disagree, of course. And for what reason? I mean, he was very general in the wording. There was no approximation of getting close to the language used in 604B. Well, I think by saying that you're saying he used the phrase contentious of error versus contentious of error in the plea proceedings and sentencing. I thought he said in this case instead of relative to matters concerning the plea or the motion. Right. But I think- Contentious of error in this case. Right. Didn't use sentencing. Didn't use plea proceedings. What we're talking about- Oh, excuse me. I mean, what we're talking about is leaving out specifying the plea proceedings and the sentence. Is that enough of an error to make his certificate insufficient? Doesn't Crager say that you have to have both? And, yeah, of course, you're going to have to have it in there in the certificate. What I said was you've got to read the whole thing together. And in- oh, shoot. Where is it? Paragraph 3. Well, darn it. My notes are a little messed up. Anyway, in paragraph 3, he said he reviewed the pleadings and the sentence. And, you know, that's shorthand. I think when you use the phrase case, that's the case. I mean, there is- the discussion was had before. There is nothing outside of this. If you review the whole case, then you've, you know, reviewed what's necessary to get to the contentions of error. And what about the use of the word pleadings as opposed to the motion? Pleading is a motion. He says in number- pardon? Pleading is a motion. I mean, they're kind of used interchangeably. Let's see. Well, obviously, if Clement's 604D certificate were inadequate, then we wouldn't have any adequate 604D certificate. Because you conceded that Ms. Yetter's certificate was inadequate. No, her certificate is not sufficient. And we can't combine her transcript. I'm sorry? You can't combine what she said to the court orally with her 604D written certificate? You know, I'd like to say that you can, but in all honesty, my understanding is similar to Ms. Skelnick's. What do you think the term strict compliance means to you? At the moment, it means almost verbatim recital of the language. How about- I'm arguing this is pretty- Conveying all the concepts or thoughts that the rule presents as required to be presented. In other words, you don't have to use the same language. You don't have to say it, as you said, verbatim. But you have to convey the message that is contained in the rule such that each element of the message has to be affirmatively established. It doesn't have to be by a word beginning with an A or a B. It can be a D or an E, if the word means the same thing. Oh, sure. I'd say that's a fair assessment. But, of course, then we get back to the question of does this- Does it clearly convey what the rule intended? Is that what you're saying? Your argument has to be that the certificate clearly conveys what the rule intended. Right. When he says review the contentions of error in the case, he meant the whole case. Right. If it does, then you can go to step two with Ms. Yerr's statement. If it doesn't, then we stop there and send it back. And, again, like I said, the record, I have to admit, my understanding is that the way the law has developed is what you say has to be in the certificate. Did his certificate say the whole case or did it say the case? I'm sorry? It says the case. It says the case. It said the case. The case. The point is, Justice Paquette said, when we interpret this, do we interpret the wording in the case to mean in the whole case? And my only question to you was to clarify whether or not his certificate said in the whole case as opposed to in the case. Well, let me read this. Of course, it didn't say in the half case or the quarter case or in the six pack even. All right. If we were outside, you know, if we were just considering what he said, if he met you in the hallway and said, here's what I did in this case, in the course of conversation, I don't think you'd have any doubt what he meant from those statements and if he said nothing more. I think that in a sense, because 604D has been reduced to a bullet point list, you tend to think of it as something that, well, if it's not verbatim, well, then it's no good. If you don't say, number one, I did this, this, this, and this, and then by that process of analysis, which has come to be very common, you just lose that you can, you know, interact between statements made within a total statement. That's pretty much the concept I was trying to get across. How do you reconcile your position with the Ritchie case and the language in Ritchie? Ritchie, there was never any good, there was never any good certificate there. So that's... And the, I refer to it as the more over language, and anyway, that wasn't good. That was like, you know, recognizing that would have been like the last good time you might have given a good certificate. Any further questions? No, thank you very much. Thank you. Ms. Skelnick? Yes, thank you. Just briefly, I believe there are two reasons why the Supreme Court requires strict compliance. First is that there has to be a showing that the attorney who's representing the defendant at a post-plea proceeding has performed every task which the Supreme Court has said is necessary. And the reason for that is because you want to ensure, as Justice Burkett said, that all the errors are being caught at that time. So in the case of Justice McLaren's hypothetical, I don't believe, based on this record, if Mr. Herrera were to file a post-conviction petition and assert that neither of his attorneys consulted with him regarding the plea, I don't believe the record contradicts that because there is no certainty from what either of these certificates said or anything that was said on the record that they did discuss any contentions of error with respect to his plea. Secondly, there's a concern about, because that rule's in place to ensure effective representation by counsel, and if you have an attorney who's actually representing the defendant at the time of the post-plea hearing who has never been involved in the case, you can't have any assurance that this attorney is effectively representing the defendant on whatever post-plea motion is filed without a determination that that attorney who's representing the defendant has complied with the dictates of Rule 604D. Counsel, let me ask you this question. The trial court looked at the certificate. The state's attorney would have had a copy of the certificate. Was there any mention made on the record of any defect in the certificate by the court or the state's attorney? No, and it appears to be... You understand where I'm going, right? The defect was not so flagrant or visible that anybody caught it, that they thought the trial court, the state's attorney, and the defendant's lawyer thought the certificate was fine. But that has happened time and again. And that's the problem. It's going on too much, and there should be communication between the appellate defender's office and every public defender. Two different public defenders, one was now a judge, allegedly filed an inviolate certificate out of the same office. Yeah, it is an extremely frustrating situation that... Why can't it be corrected just by education and training and communication? We'd like to think that we are educating them. I know, I know. Yeah, I mean, unfortunately, we keep seeing... I know the appellate prosecutor's office does as well. Yeah, I mean, we often see cases, again, where there's no certificate at all. And it's just, it seems to be an endemic problem. I don't know how many times a court can tell the parties that they need to strictly comply. Well, I hope they listen to us a little harder. Thank you, Your Honors. Thank you. The case will be taken under advisement. There are other cases on the calendar, courts in recess.